United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL BROWN-SEALS,<br>Petitioner,<br>v.<br>DAVE DAVEY, et al.,<br>Respondent. | Case No. 17-cv-05181-PJH<br><br>**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 15, 16 |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition was dismissed with leave to amend and petitioner has filed a second amended petition and several supplemental filings.

## BACKGROUND

Petitioner was convicted in 2005 in Lake County and in 2015 in Mendocino County. On August 16, 2017, the Ninth Circuit denied petitioner's request to file a second or successive petition challenging the 2005 conviction. Docket No. 1 at 26-27. The Circuit noted that petitioner could file a habeas petition challenging the 2015 conviction.

A jury found petitioner guilty of possessing and selling cocaine and methamphetamine in 2015. *People v. Brown*, No. A145580, 2016 WL 4098664, at *1 (Cal. Ct. App. July 29, 2016). It was also found that petitioner had sustained a prior strike conviction and had been convicted of two other priors. *Id.* The trial court denied petitioner's motion to strike the prior strike conviction. *Id.* The trial court denied probation and sentenced petitioner to a state prison terms of eight years and four months. *Id.*

The California Court of Appeal affirmed the judgment on direct appeal and denied the sole claim in the petition which argued that the trial court's refusal to strike the prior strike conviction was improper. *Id.* at *2. It does not appear that petitioner presented any claim regarding the 2015 conviction to the California Supreme Court. Petitioner has filed at least one habeas petition in the Mendocino County Superior Court. Petition at 11-13.

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Analysis**

The original federal petition was dismissed with leave to amend because petitioner raised claims regarding both the 2005 and 2015 convictions. Petitioner was told that he could only challenge the 2015 conviction and should present claims in an amended petition concerning that conviction. Petitioner was also told to either demonstrate that he exhausted the claims in state court or file a motion for a stay. In the amended petition, petitioner conceded that no claims had been presented the California Supreme Court. Petitioner stated that he has filed several habeas petitions in the Mendocino County Superior Court and submitted an appeal to the Ninth Circuit Court of Appeals. He was informed that those filings were insufficient to fully exhaust his claims as required before filing a federal habeas petition. The amended petition was dismissed with leave to amend and to file a motion for a stay.

Petitioner's second amended petition presents several claims for relief. However, while petitioner has stated that he seeks a stay, he has failed to present any arguments

2

in support of stay. In the prior order, the court outlined the legal standards for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and also the procedures for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Because petitioner has presented no arguments in support of his request for a stay, the motion is denied.

Petitioner has also indicated that he filed a petition with the California Supreme Court. Yet, the claims will only be exhausted when the California Supreme Court issues a decision. This federal petition is dismissed without prejudice and petitioner may file a new petition when the claims have been exhausted. Petitioner is again informed that before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

**CONCLUSION**

1. Petitioner's motions (Docket Nos. 15, 16) are **DENIED** and this action is **DISMISSED**. Petitioner may file a new petition in this court after he has fully exhausted his claims in state court.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: January 8, 2018

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_05181_Brown-Seals_v_Davey_(PSP)\17-cv-05181-PJH-dis.docx

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL BROWN-SEALS,<br>　　　　Plaintiff,<br>　　v.<br>DAVE DAVEY, et al.,<br>　　　　Defendants. | Case No. 17-cv-05181-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 8, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Izell Brown-Seals ID: V77488
Corcoran State Prison
P.O. Box 8800
Corcoran, CA 93212


Dated: January 8, 2018

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON